**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALICIA IMELDA MOFLE, <br><br> Defendant. | No. CR12-3028-LTS <br><br> **ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(C)(2)** |

_____

## I.     INTRODUCTION

This case is before me pursuant to defendant Alicia Mofle's motion (Doc. No. 155) to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). She argues that a sentence reduction is warranted under Amendment 782 to the sentencing guidelines. Doc. No. 155 at 2. The Government resists the motion. Doc. No. 161. Mofle filed a reply (Doc. No. 162) to the Government's resistance. The motion is fully briefed and ready for decision.

## II.    PROCEDURAL HISTORY

After Mofle pleaded guilty to counts one and two of her indictment, United States District Judge Mark W. Bennett sentenced her to a 168-month term of imprisonment on March 8, 2013. Doc. No. 117. The sentence reflected both a downward departure for substantial assistance and a downward variance that was based on Mofle's traumatic history and drug addiction. Doc. No. 134 at 93, 123–26.

After Amendment 782 ("All Drugs Minus Two") was promulgated, Judge Bennett issued a sua sponte order denying Mofle a sentence reduction thereunder on March 3, 2015. Doc. No. 141. Judge Bennett found that he could not reduce Mofle's sentence "[b]ecause the court imposed a term of imprisonment outside the guideline range

applicable to the defendant at the time of sentencing as a result of a downward variance," and the original sentence was already below the new guideline range as amended by Amendment 782. *Id.* at 3–4; *see also* Doc. No. 146. Judge Bennett relied on U.S.S.G. § 1B1.10(b)(2)(A), which states that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." Doc. No. 141 at 4 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

Mofle did not appeal or otherwise respond to the sua sponte order. However, on November 2, 2015, she filed a pro se motion to reduce her sentence pursuant to Amendment 782. Doc. No. 145. Because the court had already denied relief sua sponte, and Mofle did not appeal, Judge Bennett denied her motion. Doc. No. 146. Mofle, again proceeding pro se, appealed that denial on January 21, 2016. Doc. No. 147. The Eighth Circuit summarily affirmed Judge Bennett's ruling on January 27, 2016. Doc. No. 151.

On July 16, 2019, Mofle, now acting through counsel, filed her second § 3582(c)(2) motion (Doc. No. 155), which is now before this court.[1]

### III. LEGAL STANDARD

As "a rare exception to the finality of criminal judgments," 18 U.S.C. § 3582(c) allows a district court to reduce a defendant's sentence under certain circumstances. *United States v. Koons*, 850 F.3d 973, 976 (8th Cir.), *cert. granted*, 138 S. Ct. 543 (2017), *and aff'd*, 138 S. Ct. 1783 (2018). Under § 3582(c)(2), a court may reduce a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

---

[1] This case has been reassigned to me due to Judge Bennett's retirement in 2019.

Interpreting § 3582(c)(2) in *Dillon v. United States*, the Supreme Court explained that a district court must follow a two step-inquiry to determine whether a sentence adjustment is warranted. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court must "follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827; *see also United States v. Helm*, 891 F.3d 740, 742 (8th Cir. 2018) ("[Section] 3582(c) requires that any reduction be 'consistent with applicable policy statements issued by the Sentencing Commission'" and "[t]he applicable policy statement is USSG § 1B1.10"). Then, if a prisoner is eligible for a sentence reduction, the court must "consider any applicable § 3553(a) factors and determine whether . . . one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. A sentence reduction under § 3582(c)(2) is considered "a limited adjustment to an otherwise final sentence," not a resentencing. *Id.* at 826. It is also a matter of discretion, "not constitutionally compelled." *Id.* at 828.

To determine whether, and to what extent, a defendant is eligible for a sentence reduction under § 1B1.10, the court must first determine whether the amendment in question is covered. U.S.S.G. § 1B1.10(d). If so, then the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). A reduction is permitted as long as the prisoner's sentence is not reduced to "less than the minimum of the amended guideline range" or to "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). However, Congress has provided an exception to the general rule against reductions below the amended guideline minimum: If the original sentence imposed was less than the guideline range applicable at the time of sentencing "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the court may order a sentence reduction that is "comparably less than the amended guideline range." *Id.* § 1B1.10(b)(2)(B).

3

## IV. ANALYSIS

Mofle seeks a 30-month sentence reduction pursuant to Amendment 782. Doc. No. 155 at 10. Mofle's life before her arrest, trial and conviction for drug crimes was filled with hardship and abuse. *Id.* at 3–6. Judge Bennett stated that she "had more trauma in her life than . . . the vast majority of defendants" and that, "[o]n the trauma scale, she's off the charts." *See id.* at 1; Doc. No. 134 at 107. Although Judge Bennett twice denied her relief under § 3582(c)(2), Mofle argues that her current motion is permitted and that a sentence reduction is warranted. Doc. No. 155 at 1–2.

First, Mofle argues that Judge Bennett improperly denied her relief under § 3582(c)(2). *Id.* at 11–12. She asserts that Judge Bennett misapplied U.S.S.G. § 1B1.10(b)(2)(A) by not considering the substantial assistance exception under § 1B1.10(b)(2)(B). *Id.* at 11. Because she received a substantial assistance departure, Mofle argues that § 1B1.10(b)(2)(B) permits a sentence reduction below the new guideline range, as amended by Amendment 782, that is comparable to the total deviation of her sentence from the original unamended guideline range. *Id.* at 9–12.

To illustrate her request, Mofle explains that her sentence was approximately 53 percent below the guideline range at the time of sentencing: 360 months reduced to 168 months. *Id.* at 9–10. She argues that under § 3582(c)(2) and § 1B1.10(b)(2)(B), a comparable 53 percent departure below the new amended guideline range minimum is appropriate: 292 months reduced to 138 months. *Id.* This would equate to a 30-month reduction to her sentence. *Id.* Mofle argues that the mitigating circumstances found by Judge Bennett at sentencing, as well as the rehabilitation she has experienced while incarcerated, justify such a reduction. *Id.* at 13–14.

Next, Mofle acknowledges that this is her second § 3582(c)(2) motion but argues that it is permitted because this court erred in its previous rulings. *Id.* at 21. Mofle argues that this court's prior conclusion – that she was not eligible for a sentence reduction due to the limitation in § 1B1.10(b)(2)(A) – is "clearly erroneous" and resulted

in "manifest injustice." *Id.*; Doc. No. 162 at 3–4. Because of this error and injustice, her motion is not barred by the "law of the case doctrine." Doc. No. 155 at 21; Doc. No. 162 at 3–4. She also argues that this court does not lack jurisdiction to hear a second § 3582(c)(2) motion and thus should fix its prior error by evaluating her claims on the merits and granting a sentence reduction. Doc. No. 162 at 3–4.

In support of her arguments, Mofle has presented a letter from Judge Bennett in which he states that if he had not concluded that he lacked the authority, he "clearly would have given her . . . relief and reduced her sentence." Doc. No. 155-1. Mofle argues that this provides clear evidence that a sentence reduction is justified because (1) Judge Bennett's conclusion regarding eligibility was erroneous, and (2) Judge Bennett – had he not reached that erroneous conclusion – would have granted a sentence reduction. Doc. No. 155 at 2, 13; Doc. No. 162 at 4.

Whether or not a reduction is appropriate in this case depends on three issues: (1) whether Mofle's motion, which is her second § 3582(c)(2) motion seeking relief pursuant to Amendment 782,[2] is permitted, if so, (2) whether she is eligible for a sentence reduction due to the substantial assistance exception in § 1B1.10(b)(2)(B) and, if so, (3) whether, and to what extent, a sentence reduction is appropriate based on the factors in 18 U.S.C. § 3553(a). Ultimately, I find that the first issue is dispositive.

Section 3582(c)(2) is "a narrow exception to the rule of finality" of sentences for those convicted of a crime. *Dillon*, 560 U.S. at 824, 827. While the statute provides potential relief for prisoners when the Sentencing Commission amends the sentencing guidelines, it does not address how many times a prisoner may file motions to obtain a sentence reduction pursuant to a single amendment. The Eighth Circuit has not yet considered this issue, but several other courts of appeal have.

---

[2] Because this court originally considered the application of Amendment 782 to Mofle's case sua sponte, Mofle's first motion could be considered a motion to reconsider and the current motion a second motion to reconsider. As explained later, regardless of how the motions are labeled, my analysis and conclusions remain the same.

All circuits that have addressed second or successive[3] § 3582(c)(2) motions pursuant to the same amendment agree that a district court is not prevented from considering them due to lack of subject-matter jurisdiction.[4] *See United States v. Calton*, 900 F.3d 706, 711 (5th Cir. 2018) ("[W]e join all of our sister circuits that have considered the question and hold that district courts have jurisdiction to consider successive § 3582(c)(2) motions."); *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) ("Applying the clear statement rule to this issue, we cannot agree with the Government that § 3582(c)(2) contains a jurisdictional bar to successive motions under the same guidelines amendment."); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245 (11th Cir. 2017) (Section 3582(c)(2) "does not prohibit successive . . . motions" and "it would be improper to read a jurisdictional limitation on successive motions into the . . . statute"); *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017) ("Although we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration . . . we [now] understand this prohibition to be non-jurisdictional, and thus waived when the government failed to assert it below." (citation omitted)); *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) ("A restriction should be deemed jurisdictional only if it 'reduce[s] the adjudicatory domain of a tribunal' and cannot be forfeited. We see nothing

---

[3] Some courts have noted that whether the motions are deemed new motions or motions to reconsider a prior ruling makes little to no practical or analytical difference. *See May*, 955 F.3d at 275 ("Some of these decisions admittedly dealt with purely successive motions for relief premised on a single retroactive Guidelines amendment, rather than with motions for reconsideration, but § 3582(c)(2) does not expressly authorize nor prohibit either type of motion. Thus, the rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration . . . ."). Others have simply considered a subsequent motion under § 3582(c)(2) to be a motion for reconsideration. *See, e.g.*, *United States v. Goodwyn*, 596 F.3d 233, 234 (4th Cir. 2010).

[4] The analysis regarding second or successive § 3582(c)(2) motions may be different when the first motion was granted. Some courts have denied relief in such circumstances, while others acknowledged the potential for distinction but did not reach the question. *See Calton*. 900 F.3d at 713 n.6 (court did not reach the question of jurisdiction over second § 3582(c)(2) motion when the first was granted); *Goodwyn*, 596 F.3d at 235–35 (district court could not review second § 3582(c)(2) motion after the previous motion had been granted).

in § 3582(c)(2) that meets this stringent test." (citations omitted)); *United States v. Trujillo*, 713 F.3d 1003, 1006 (9th Cir. 2013) ("Our conclusion that § 3582(c)(2) does not impose or result in a jurisdictional bar to a second motion is buttressed by the Supreme Court's instruction that we construe statutory limitations as non-jurisdictional in the absence of clear directions from Congress."); *United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012) ("[A]ny restriction on the filing of successive § 3582(c)(2) motions is not a limitation on the district court's subject matter jurisdiction.");[5] *see also United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013) (urging caution against finding jurisdictional rules in § 3582 motions); *United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006) (the holding in *Eberhart v. United States*, 546 U.S. 12 (2005), "that the time limit on Rules 29, 33, 34 and 35 imposed by Rule 45(b)(2) (as it was then worded) is no more than a claim-processing rule, . . . calls into question a jurisdictional reading of § 3582.").

However, while these circuits agree on the question of jurisdiction, they take varying stances as to whether, and to what extent, second or successive § 3582(c)(2) motions are barred by non-jurisdictional procedural or common-law rules. The Fourth Circuit has held that there is an "implied prohibition" on granting relief pursuant to a second or successive motion under § 3582(c)(2). *May*, 855 F.3d at 275. The implied prohibition arises due to the statute's "silence on a district court's authority to grant

---

[5] Although the Third Circuit has held that a district court has subject matter jurisdiction to hear second or successive § 3582(c)(2) motions, it still regards the eligibility requirements of the statute as jurisdictional. *See United States v. Freeman*, 659 F. App'x 94, 98–99 & n.6 (3d Cir. 2016). Thus, according to the Third Circuit, a court has jurisdiction over a second or successive motion only if the prisoner is eligible for a sentence reduction, regardless of whether the court exercises its discretion to actually grant a reduction. *See id.* Other circuits, such as the Seventh Circuit, have held that the limitations imposed by § 3582(c)(2) are not jurisdictional at any time. *See United States v. Taylor*, 778 F.3d 667, 671 (7th Cir. 2015) ("[A] district court has subject-matter jurisdiction to consider a motion for relief under 18 U.S.C. § 3582(c)(2) regardless of whether the moving defendant is actually eligible for such discretionary relief.").

motions for reconsideration, coupled with sentence finality interests and 'the clear intent of § 3582 . . . to constrain postjudgment sentence modifications.'" *Id.* (alteration in original) (quoting *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010)). Thus, according to the Fourth Circuit, the only action a prisoner can take after one § 3582(c)(2) motion is to timely appeal an unfavorable decision. *See Goodwyn*, 596 F.3d at 236.

Some circuits have established limitations on filing a second § 3582(c)(2) motion, or a motion for reconsideration, by looking to procedural rules and their rationale. *See, e.g.*, *Beard*, 745 F.3d at 292 (applying the time limitation in Federal Rule of Criminal Procedure 35 in holding that "[o]nce the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive"); *United States v. Randall,* 666 F.3d 1238, 1242 (10th Cir. 2011) ("The same considerations that justify limiting the time to appeal—such as judicial efficiency and the finality of criminal sentences—also justify limiting the time to seek reconsideration in the district court. . . . [A] district court's ruling on a § 3582(c)(2) motion should not be open for reconsideration indefinitely. If it were, defendants could circumvent [Federal Rule of Appellate Procedure] 4(b)."); *see also United States v. Phillips*, 597 F.3d 1190, 1195–1200 (11th Cir. 2010) (court lacked jurisdiction to review Government's motion for reconsideration that was filed outside the time limitation in Rule 35(a)). Other circuits admit that procedural or "claim-processing rules" may bar or limit second or successive § 3582(c)(2) motions, but have not specified which procedural rules determine whether a court may consider them. *See, e.g.*, *Green*, 886 F.3d at 1306 ("[A] nonjurisdictional bar, such as a claim-processing rule, [may] forbid[] successive [§ 3582(c)(2)] motions based on the same amendment."); *Trujillo*, 713 F.3d at 1007 ("Holding as we do that the district court had jurisdiction to entertain [prisoner's] second motion under § 3582(c)(2), we need not address the validity or applicability of non-jurisdictional restrictions . . . . Those non-jurisdictional challenges were waived by the government's failure to object in the district court."). Some circuits

have looked to the common-law "law of the case doctrine" – on its own or in addition to other procedural rules – to determine whether considering a second or successive § 3582(c)(2) motion is appropriate. *See, e.g.*, *Calton*, 900 F.3d at 714 (law of the case doctrine posed no bar to successive § 3582(c)(2) motion because the appellate court "ha[d] not previously decided whether [the prisoner] may obtain relief on her successive motion for sentence reduction"); *United States v. Anderson*, 772 F.3d 662, 670 (11th Cir. 2014) (rejecting prisoner's second § 3582(c)(2) motion under the law of the case doctrine); *see also United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016) (law of the case doctrine prevented court from reducing prisoner's sentence because issue precluding relief under § 3582(c)(2) had been decided in earlier direct appeal of conviction).

Of the circuits that have addressed this issue, the Eleventh Circuit has created the most nuanced approach. When considering whether a second or successive § 3582(c)(2) motion is permitted, the Eleventh Circuit looks to the grounds of any previous § 3582(c)(2) ruling – i.e., whether it was "on the merits" or "procedural" – not just whether a prior ruling was made. *See Anderson*, 772 F.3d at 667–68. For purposes of § 3582(c)(2), the Eleventh Circuit considers "on the merits" to mean that a judge actually considered the § 3553(a) factors and exercised his or her discretion to either (1) reduce the prisoner's sentence or (2) reimpose the same sentence. *Id.* On the other hand, a procedural denial occurs when a court does not reach the § 3553(a) factors, such as when a court determines that "the relevant amendment does not even lower the defendant's guidelines range in the first place." *Id.* at 668.

The Eleventh Circuit has held that a second or successive § 3582(c)(2) motion is procedurally barred only when a district court judge has ruled on the merits of a prior motion under the same amendment. The reason for this is that the court views a denial on the merits as, "in essence, a new sentence." *Id.* at 667; *see also United States v. Hernandez*, 674 Fed. App'x 923, 925 (11th Cir. 2017) (per curiam) ("[I]f the denial of the first motion based on the same amendment is on the merits—that is, a denial based

9

on the second step of the § 3582(c)(2) analysis—it constitutes in essence, a new sentence." (internal quotation marks omitted) (citation omitted)). When a sentence is modified or reimposed under § 3582(c)(2), procedural rules related to sentencing and appeals are reactivated. *Anderson*, 772 F.3d at 667–68. The authority of the court to consider any successive § 3582(c)(2) motions is then limited by the time limitations and other requirements of those rules. *Id.* If there is no appeal or motion for reconsideration during that time, the prisoner's only relief may come from the Bureau of Prisons or another amendment from the Sentencing Commission regarding the same, or other, guidelines. *Hernandez*, 674 Fed. App'x at 925.

Because finding that a ruling was on the merits may prevent a prisoner from obtaining relief under sentencing guideline amendments, the Eleventh Circuit has narrowly construed what it considers "on the merits." For instance, it has held that a ruling denying a reduction to a prisoner who was eligible for a reduction was not "on the merits" because the district court's analysis showed that it "declined to exercise its discretion," rather than exercising its discretion to modify or reinstate the prisoner's original sentence, in its first ruling. *See Caraballo-Martinez*, 866 F.3d at 1246–47. Thus, the district court must actually exercise its power of discretion under § 3585(c)(2) and § 3553(a), not just possess it, for a ruling to be on the merits. *See id*.

On the other hand, the Eleventh Circuit does not consider a procedural denial to constitute a new sentence. *Anderson*, 772 F.3d at 667–68. Section 3582(c)(2) requires that an amendment actually lower the prisoner's guideline range for a court to have the authority to reduce the prisoner's sentence. *Id.* The fact that an amendment does not do so renders a court without authority under the statute and leaves the originally imposed sentence completely undisturbed. *Id.* Thus, according to the Eleventh Circuit, the status quo is unchanged, and there is no reason to prohibit a prisoner from motioning for relief under the same amendment more than once. *Id.*[6]

---

[6] Even when a denial is procedural, the Eleventh Circuit has held that second or successive §

Based on my review of relevant Eighth Circuit case law and case law from other circuits, I find that this court has jurisdiction to consider Mofle's second § 3582(c)(2) motion but that the motion must be denied as untimely.[7] While the Eighth Circuit has not considered whether second motions, or motions for reconsideration, are permissible under § 3582(c)(2), it has addressed the issue of motions for reconsideration in criminal cases generally. Mofle's current motion involves the same facts and legal issues involved in this court's prior rulings under § 3582(c)(2) and Amendment 782. Thus, regardless of how Mofle has titled her motions, they are, nonetheless, analytically analogous to motions for reconsideration. *See Goodwyn*, 596 F.3d at 234 (regarding second request for sentence reduction, seventh months after first request was ruled on, as a motion for reconsideration).

The Eighth Circuit acknowledges that "[a]lthough [n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider, motions to reconsider are a well-established procedural rule for criminal, as well as civil, litigation." *United States v. Grant*, 703 F.3d 427, 434 (8th Cir. 2013) (internal quotation marks omitted) (citations omitted). However, for a court to consider a motion for reconsideration, it must be filed timely. *See United States v. Woodruff*, 596 F.2d 798, 799 (8th Cir. 1979) (per curiam). Under Eighth Circuit case law, a motion to reconsider a ruling is timely only if it is filed within the period allowed for filing an appeal of that ruling. *Grant*, 703 F.3d at 434 n.1; *Woodruff*, 596 F.3d at 799. Thus, a district court must deny any motion that is not filed

---

3582(c)(2) motions may be prohibited by the law of the case doctrine. *Anderson*, 772 F.3d at 668–70. Under this doctrine, a second or successive § 3582(c)(2) motion that addresses an issue previously decided in the case by the court of appeals – whether directly related to an appeal from a § 3582(c)(2) decision or not – is prohibited because the district court cannot contradict the court of appeal's ruling. *Id.*

[7] Mofle argues that considering this motion is appropriate under an exception to the law of the case doctrine. However, because I find that her motion is untimely, there is no need to consider whether the law of the case doctrine applies. *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011) ("it [is] best to stick with the statute rather than apply a common-law doctrine such as law of the case" when a judge rules on § 3585(c)(2) motion)..

within that period. *Nyffeler Const., Inc. v. Sec'y of Labor*, 760 F.3d 837, 841 (8th Cir. 2014).

In this case, the time period allowed for an appeal from the court's sua sponte ruling on March 3, 2015, was 14 days. *See* Fed. R. App. P. 4(b)(1)(A). Mofle did not appeal or otherwise respond to the court's ruling until she filed a pro se motion under § 3582(c)(2) nearly eight months later. Even if I were to disregard the sua sponte order, and focus on the orders that denied Mofle's first § 3582(c)(2) motion, her current motion would be untimely. Both Judge Bennett's order (Doc. No. 146) and the Eighth Circuit's judgment on appeal (Doc. No. 151) were filed more than three years before Mofle filed her current motion. It is far too late for Mofle to seek reconsideration of the denial of her first motion.[8]

## V. CONCLUSION

For the reasons set forth herein, defendant's motion (Doc. No. 155) for sentence reduction under 18 U.S.C. § 3582(c)(2) is **denied** as untimely.

---

[8] I note that if I were permitted to consider the merits of Mofle's motion, she would have a colorable argument that she is eligible for a sentence reduction. There is a circuit split as to whether a "comparable" reduction below the amended guideline range pursuant to § 1B1.10(b)(2)(B) includes (1) only the original reduction directly attributable to the defendant's substantial assistance or (2) other reductions to the original sentence in addition to reductions due to substantial assistance. *Compare United States v. Marroquin-Medina*, 817 F.3d 1285, 1290 (11th Cir. 2016), *and United States v. Taylor*, 815 F.3d 248, 252 (6th Cir. 2016) (both holding that the court may consider only the reduction that was based on substantial assistance), *with United States v. D.M.*, 869 F.3d 1133, 1145 (9th Cir. 2017), *and United States v. Phelps*, 823 F.3d 1084, 1087–88 (7th Cir. 2016) (both rejecting this limitation). The Eighth Circuit has not yet addressed this precise issue. Because I find Mofle's motion to be untimely, I will not undertake an analysis of these competing positions at this time.

**IT IS SO ORDERED.**

**DATED** this 22nd day of January, 2020.

                                                                                               _____
                                                                                               Leonard T. Strand, Chief Judge